IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARNOLD ESPARZA GONZALEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IDAHO DEPARTMENT OF CORRECTIONS, )<br>SGT. DORSEY, MS. CORSEY, MR. ACOSTA,)<br>MR. J. SANDS, OFFICER KERR, SGT. )<br>GUTIERREZ, BAKER, FOWLER, MUNK, )<br>TOBAR, WIDEMAN, )<br>)<br>Defendants. )<br>_____) | Case No. CV04-572-S-BLW<br><br>**MEMORANDUM ORDER** |

Pending before the Court in this prisoner civil rights case are the following motions: Sergeant Dorsey's First Motion to Dismiss (Docket No. 19), Sergeant Dorsey's Motion for Summary Judgment (Docket No. 20), the remaining Defendants' Motion to Dismiss (Docket No. 23), Plaintiff's Motion to Amend (Docket No. 34), and Plaintiff's Motion to Dismiss (Docket No. 35).  Having considered the arguments of the parties, and having reviewed the record, the Court concludes that oral argument is unnecessary and enters the following Order.

**I.**

**MEMORANDUM ORDER  1**

# PRELIMINARY MOTIONS

**A.     Motion to Dismiss Defendant (Docket No. 35)**

Plaintiff requests that all claims against Sergeant Dorsey be dismissed. Sergeant Dorsey is not opposed to the request. Therefore, the Motion shall be granted. As a result, the Court concludes that Sergeant Dorsey's First Motion to Dismiss (Docket No. 19) and Sergeant Dorsey's Motion for Summary Judgment (Docket No. 20) are moot.

**B.     Motion to Amend (Docket No. 34)**

Plaintiff wishes to amend his Complaint to assert a cause of action against Larry Richards, the contract attorney at Idaho Correctional Center, who helps inmates with their legal work. Plaintiff asserts that Richards has failed to provide Plaintiff with "meaningful access to the courts." However, Plaintiff has asserted no actual injury arising from Richards' acts or omissions, which is a required element of a constitutional access to the courts claims. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As a result, his Motion is denied without prejudice.

## II.

## REMAINING DEFENDANTS' MOTION TO DISMISS

Plaintiff asserts that he told Defendants that his safety was in danger because he had been threatened by other inmates. Plaintiff asserts that Defendants ignored the warnings, and, as a result, other inmates assaulted him and stole his personal property.

The Court earlier determined that Plaintiff could not proceed on the following claims: (1) any civil rights claims against the inmates who injured him; (2) his Fourth,

**MEMORANDUM ORDER  2**

Fifth, and Fourteenth Amendment claims; and (3) any claims against the Idaho Department of Correction.

In their Motion to Dismiss, Defendants assert that Plaintiff failed to exhaust his administrative remedies within the prison by failing to file an appeal of the Grievance. The information and documentation Defendants have submitted tends to show that Plaintiff did not exhaust his remedies. For that reason, the Court will conditionally grant Plaintiff's Motion. The grant of the Motion is conditional and not final because Plaintiff recently filed an Objection to Defendants' Motion to Dismiss on the ground that he did not receive a copy of the Motion (Docket No. 38), and Defendants filed a Reply stating that the parties had agreed to a 24-day extension of time for Plaintiff's response (Docket No. 39).

Accordingly, Plaintiff shall have until April 28, 2006, in which to file a response showing that he exhausted his administrative remedies on the remaining claims in his case. He may submit affidavits and exhibits in support of his position. Thereafter, Defendants may file a reply. After the Court reviews all of the filings, it will either finalize the granting of the Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice,[1] or it will issue a final order denying the Motion to Dismiss.

---

[1] Plaintiff's claims arise from September 2004; therefore, dismissing his action would not cause him a statute of limitations problem. Defendants' Motion to Dismiss presupposes that exhaustion of remedies at the prison is still possible. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005) (Defendants bear the burden of proving failure to exhaust, and that further administrative remedies are available to the plaintiff.).

**MEMORANDUM ORDER  3**

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Sergeant Dorsey's First Motion to Dismiss (Docket No. 19) is MOOT.

IT IS FURTHER HEREBY ORDERED that Sergeant Dorsey's Motion for Summary Judgment (Docket No. 20) is MOOT.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 23) is conditionally GRANTED.  Plaintiff shall have until **April 28, 2006**, in which to file a response demonstrating that he exhausted his administrative remedies.  He may file affidavits and exhibits in support of his position.  Thereafter, Defendants may file a reply.

IT IS FURTHER HEREBY ORDERED that  Plaintiff's Motion to Amend (Docket No. 34) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Dismiss Claims against Sergeant Dorsey (Docket No. 35) is GRANTED.

DATED:  **March 29, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM ORDER  4**