IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARNOLD ESPARZA GONZALES, ) | |
| ) | Case No. CV-04-572-S-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM ORDER** |
| v. ) | |
| ) | |
| IDAHO DEPARTMENT OF CORRECTIONS, ) | |
| SGT. DORSEY, MS. CORSEY, MR. ACOSTA,) | |
| MR. J. SANDS, OFFICER KERR, SGT. ) | |
| GUTIERREZ, BAKER, FOWLER, MUNK, ) | |
| TOBAR, WIDEMAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Court previously conditionally granted Defendants' Motion to Dismiss (Docket No. 23) for Plaintiff's failure to exhaust administrative remedies. The Court gave Plaintiff an opportunity to provide evidence that he had exhausted his remedies. Plaintiff filed a Response to the Court's Order, together with an Affidavit (Docket Nos. 41 & 43), and Defendants filed a Reply (Docket No. 42). Having considered the parties' filings, the Court grants Defendants' Motion to Dismiss (Docket No. 23).

## DEFENDANTS' MOTION TO DISMISS

**A.     Standard of Law**

A prisoner is required to exhaust all of his administrative remedies within the prison system before he can bring a civil rights lawsuit challenging the conditions of his confinement. 42 U.S.C. § 1997e(a). "Proper" exhaustion of administrative remedies is

**MEMORANDUM ORDER  1**

required, meaning that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 126 S.Ct. 2378, 2384 (2006).

Failure to exhaust remedies is an affirmative defense that must be brought as an unenumerated 12(b) motion, *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust administrative remedies, a court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Defendants bear the burden of proving failure to exhaust. *Brown v. Valoff*, 422 F.3d 926 (9th Cir. 2005).

The exhaustion requirement is nonjurisdictional, and thus is subject to affirmative defenses such as waiver, estoppel, and equitable tolling. *See Casanova v. Dubois*, 304 F.3d 75, 78 n.3 (1st Cir. 2002).

**B.     Facts**

When Plaintiff arrived at the Idaho Department of Correction (IDOC), he informed staff of his fear that other inmates might harm him. On September 10, 2004, Plaintiff was assaulted by other inmates. Attached to Plaintiff's Complaint is the only Grievance Plaintiff filed in this case. *See Complaint Exhibits*, at p. 21 (Docket No. 1). The Grievance was filed on September 24, 2004, and received on October 7, 2004. The prison denied the Grievance on October 18, 2004, and informed Plaintiff by separate memo that any appeal must be filed by October 29, 2004. *See Complaint Exhibits*, at p. 22 (Docket No.1 ). The "appeal" portion of the Grievance is blank. There is nothing in

**MEMORANDUM ORDER  2**

the record suggesting that Plaintiff filed an appeal.

When the Grievance was filed, Captain Jeff Mazowieski conducted an investigation into the assault. *See Mazowieski Affidavit*, at ¶ 8 (Docket No. 19-7). During the investigation, Plaintiff stated that he no longer felt that he was in danger. *See Complaint Exhibits*, at p. 23 (Docket No. 1). The Grievance states that it was considered "resolved" because Plaintiff had been interviewed after the assault and felt safe with his living assignment at that time. *See id.* Plaintiff agrees that he did not feel threatened any more *after* he had been attacked. *See Plaintiff's Response*, at p. 4 (Docket No. 41). Rather, he states that his Complaint focuses on the fact that he warned Defendants about the potential attacks before they happened, and staff did nothing, allowing them to happen. *Id*. However Plaintiff did not file a Grievance on his fears *prior* to the attack; therefore, he cannot bring that claim in this lawsuit.

The only Grievance in the record shows that prison officials denied the Grievance and Plaintiff failed to appeal the denial. Plaintiff has many "Inmate Concern Forms" attached to his Complaint. The Inmate Concern Form is the first step of the Grievance Process that inmates use to try to resolve prison conditions issues. *See Mazowieski Affdavit*, at ¶ 6 (Docket No. 19-7). There is no record of Plaintiff ever filing any other Grievance to follow up on any of these Inmate Concern Forms. Captain Mazowieski declares that he conducted a search of the grievance files and found only the single Grievance discussed above. *See id*. at ¶ 8.

Plaintiff asserts in his Affidavit that "[t]he Defendants either didn't timely answer

**MEMORANDUM ORDER  3**

my concerns and/or grievances, or they intentionally refused to answer them, being deliberately indifferent for/towards/concerning my physical safety and well-being." *See Affidavit Arnold Gonzales, at ¶ 7* (Docket No. 43).  The portion of Plaintiff's statement about other *grievances* contradicts prison records and is not supported by any particular facts or exhibits; therefore, the Courts finds that the statement is not credible on the issue that other *grievances* were filed.[1]

In addition, the Grievance Process does not require that the inmate receive a written response to the Inmate Concern Form; it requires only that he document "steps taken to solve an issue" and attach the Inmate Concern Form to the Grievance.  *See Grievance Process Directive*, at p. 6 (Docket No. 19-8).  Therefore, the Court finds that Plaintiff could have filed a Grievance on his issues even if officers did not respond to the Inmate Concern Forms.

Plaintiff also asserts is that there is no grievance system at Idaho Correctional Center (ICC), the private prison where he was housed.  He relies on an opinion of Magistrate Judge Williams in a case where an inmate asserted that he resubmitted a grievance, and there appeared to be no policy regarding record-keeping of resubmitted grievances.  *See Exhibit to Defendants' Reply*, at p. 11 (Docket No. 42).  A *resubmitted*

---

[1] *See Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("where a factual issue arises in connection with a jurisdictional or related type of motion, the general view is that there is no right of jury trial as to that issue . . . and that the court has a broad discretion as to the method to be used in resolving the factual dispute.").

**MEMORANDUM ORDER  4**

grievance is not at issue here. Therefore, the reasoning used in that case is inapplicable. In addition, the fact that Plaintiff filled out and submitted a Grievance, even though he failed to appeal the Grievance, contradicts his assertion that there is no grievance system at ICC. Finally, nothing in Plaintiff's filings would support an affirmative defense that would excuse his failure to exhaust.

C.  **Conclusion**

Plaintiff did not properly exhaust his administrative remedies at the IDOC. As a result, his case is subject to dismissal. *See Woodford v. Ngo*, 126 S.Ct. at 2382 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (internal citation omitted).

**MEMORANDUM ORDER  5**

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Docket No. 23) is GRANTED. Plaintiff's entire case is DISMISSED without prejudice.



DATED: **November 3, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER  6**